Landreth v. Powell.

MRS. LYDIA B. LANDRETH *v.* F. POWELL *et al.*

(*Knoxville.*   September Term, 1909.)

1. **ATTORNEYS' FEES.** No lien on land where suit for relief against option contract is abandoned, and land is conveyed according to contract.

   Where the complainant, in a suit to cancel a contract giving defendant an option to purchase certain real estate, abandoned the right of action, and, upon agreement of the defendant to pay the contract price and the costs of the suit, conveyed the premises to defendant, the litigation was not compromised, but complainant abandoned the purpose of the suit without obtaining anything whatever by the litigation, and determined to perform the contract from which relief was sought; and, therefore, complainant's attorney did not acquire a lien on the real estate for his fee.

2. **SAME.** Same. Attorneys will be taxed with costs upon disallowance and dismissal of their petition to have lien declared for fees.

   Where the solicitors of the complainant in a suit to be relieved from an option contract to convey certain land, upon complainant's abandonment of such suit, and conveyance of the land in accordance with the option contract, filed a petition to have a lien declared on the land for their fees which petition was disallowed and dismissed for the reasons stated in the foregoing headnote, the attorneys in whose names the petition was filed will be taxed with the costs of the petition and of the litigation arising therefrom.

Landreth v. Powell.

FROM WASHINGTON.

Appeal from the Chancery Court of Washington County to the Court of Civil Appeals, and by *certiorari* from the Court of Civil Appeals to the Supreme Court. HAL H. HAYNES, Chancellor.

JOHNSON & MILLER and S. E. N. MOORE, for complainant.

J. B. COX, for defendants.

PER CURIAM.

The controversy in this case arises over a petition filed by the attorneys of the complainant to have charged upon certain property of the defendant a fee of $100, which the complainant promised them for the conduct of the present litigation. The chancellor granted the petition, and on appeal to the court of civil appeals that court affirmed the chancellor. Thereupon a writ of *certiorari* was sued out, and the case was brought to this court.

We think both of the courts referred to were in error. The facts are these:

Mrs. Landreth filed her bill in the chancery court of Washington county, charging that the defendant

Powell had, by taking advantage of her mental infirmity, arising from great age and illness at the time, procured from her an option upon a certain piece of real estate described, for the consideration of $1 paid at the time, and a promise of $1,549 in case the option should be finally consummated. She sought to have the option cancelled because it was procured in the manner just stated.   She alleged in her bill that Powell had transferred the option to the Unaka Corporation, and that this latter was insisting upon carrying it out, and was demanding a conveyance of the property.   Pending the proceeding, Mrs. Landreth concluded to abandon her right of action, and, upon agreement of the defendant to pay her $1,549, the contract price, and the costs of the cause, she conveyed the property to the defendant corporation and quit the litigation.

It was the opinion of the chancellor, and of the court of civil appeals, that the foregoing amounted to a compromise of the litigation, and that the attorneys for Mrs. Landreth were entitled to a lien for the $100, their fee, on the land conveyed.   We think this was an erroneous view.   Mrs. Landreth obtained nothing whatever by the litigation.   She abandoned the purpose of the suit, and determined to perform the contract from which she had asked relief.

We are of the opinion that the decree of the court of civil appeals, and of the chancery court, should be reversed, and that the attorneys, in whose names the petition was filed, should be taxed with the costs of the petition and of the litigation arising therefrom.